IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM T. BOUZA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN of FCI ALLENWOOD - MEDIUM,<br><br>    Respondent. | No. 4:24-CV-00998<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**DECEMBER 3, 2024**

    William T. Bouza filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Correctional Institution Allenwood Medium (FCI-Allenwood Medium), located in White Deer, Pennsylvania.[1]  He claims that the Federal Bureau of Prisons (BOP) initially made errors with respect to his custody and security classifications, improperly held him segregated housing for approximately 42 days, and violated his due process rights with respect to a disciplinary charge.  Because Bouza did not exhaust his administrative remedies and because none of his claims are cognizable on habeas review, the Court must dismiss his Section 2241 petition.

---

[1]    Bouza is currently incarcerated at FCI-Beaumont Low in Beaumont, Texas.  *See* Doc. 13.

I.  **BACKGROUND**

Bouza is currently serving a 168-month sentence for controlled substance offenses imposed by the United States District Court for the District of New Jersey.[2] He alleges that BOP officials made "numerous errors" with respect to his custody classification and security designation, resulting in his placement in FCI-Allenwood Medium when he should have been incarcerated in a minimum-security facility.[3] It is unclear when Bouza was first imprisoned at FCI-Allenwood Medium. The attachments to his Section 2241 petition appear to indicate that Bouza arrived in late 2022 or early 2023 and he began formally challenging his custody and security classifications around July 2023.[4]

According to an August 2023 administrative remedy response from the interim warden of FCI-Allenwood Medium, although Bouza was determined to be a "minimum" custody classification after his detainer was removed, he received an incident report and sanctions that resulted in a security level increase to "low" security.[5] Based on those sanctions, the BOP's Designation and Sentence Computation Center applied "a greater security management variable" to Bouza, which would expire "on June 20, 2024," and which increased his security level

---

[2]  Doc. 11-4 at 2 ¶ 4; Doc. 11-5 at 3.
[3]  Doc. 1-1 at 3 & n.1.
[4]  *See* Doc. 1-3.
[5]  Doc. 1-4 at 2.

from "minimum" to "low" security.[6]  The warden thus concluded that Bouza was "currently at the appropriate security level."[7]

The incident report the interim warden referenced in the administrative remedy denial appears to have been issued against Bouza on June 13, 2023.[8] Bouza alleges that, while in administrative detention in the "Special Housing Unit ('SHU')" he made two telephone calls to notify his family and his attorney of his status.[9]  He claims that he was unaware that those phone calls were not permitted.[10] However, in the June 13 incident report, the charging officer noted that Bouza had been given a "direct order" not to use the phone that had been provided to his cellmate and that Bouza knowingly disobeyed that order, resulting in disciplinary charges of phone abuse (code 397) and refusing to obey an order (code 307).[11] According to the incident report, prison officials had attempted to verify if Bouza's cellmate had finished with his phone call and overheard Bouza making the unauthorized call, during which Bouza was recorded exclaiming, "I gotta go the cop coming.  I gotta go the cop coming."[12]  Bouza notes that he was sanctioned with the loss of phone privileges for 8 months for this infraction.[13]

---

[6]   *Id.*
[7]   *Id.*
[8]   *See* Doc. 1-7.
[9]   Doc. 1-1 at 5.
[10]  *Id.*
[11]  *See* Doc. 1-7.
[12]  *Id.*
[13]  Doc. 1-1 at 5.

Bouza next claims that, in May 2024, he again sought reclassification of his custody level.[14] He contends that he refused to sign a classification designation that contained errors regarding an outstanding detainer and incorrect education information.[15] Bouza appears to have been placed in administrative detention at some point following his second reclassification request. According to Bouza, this placement in segregated housing was "retaliation" for refusing to sign the custody classification form[16]; according to Respondent, however, Bouza was placed in administrative detention following his July 16, 2024 reclassification to minimum security as a "holdover" inmate "for his protection, to safeguard against any potential interactions with medium security inmates" at FCI-Allenwood Medium.[17]

Following Bouza's reclassification, a transfer request was submitted to the BOP's Designation and Sentence Computation Center, and on August 12, 2024, Bouza was designated to the low security correctional facility in Beaumont, Texas.[18] Bouza was transferred to FCI-Beaumont Low in early September 2024.[19]

Prior to his reclassification in July 2024, Bouza lodged the instant Section 2241 petition in this Court on June 17, 2024.[20] He appears to assert two habeas claims in his petition. First, he alleges that his stint in administrative detention

---

[14] *Id.* at 3.
[15] *Id.*
[16] *Id.* at 4.
[17] Doc. 11-4 at 2 ¶ 5.
[18] *Id.*
[19] *See* Doc. 13.
[20] *See generally* Doc. 1.

following his reclassification to "minimum" security was "cruel and unusual punishment," insofar as he had "no recreation, 24 hr. lockdown, no religious diet," and inhaled "mace" that came through the vents.[21] He also appears to assert that his procedural due process rights were violated by the administrative detention and with regard to the telephone incident and resultant disciplinary sanction.[22] Bouza's Section 2241 petition is fully briefed and ripe for disposition.

## II. DISCUSSION

Bouza's Section 2241 petition is fatally deficient for two reasons. First, he did not exhaust administrative remedies with respect to any of the claims that appear in his habeas petition. Second, and more fundamentally, none of the claims that he is asserting are cognizable on habeas review.

### A. Bouza Failed to Administratively Exhaust His Claims

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[23] Exhaustion allows the

---

[21] Doc. 1-1 at 6-7.
[22] *Id.* at 5-6. Bouza also attempts to assert a bevy of other constitutional tort claims, including a First Amendment free exercise claim and a First Amendment retaliation claim. *See id.* at 6-11. However, these types of claims—which sound in civil rights liability under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)—are not cognizable in a habeas petition. *See McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) ([T]he fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a *Bivens* action into a habeas petition.").
[23] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).

relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[24]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[25] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[26] In challenges to disciplinary proceedings before a DHO, the normal administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[27]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[28] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[29] Exhaustion is

---

[24] *Moscato*, 98 F.3d at 761-62 (citations omitted)
[25] *See generally* 28 C.F.R. §§ 542.10-.19.
[26] *See id.* §§ 542.13-.15.
[27] *See id.* §§ 542.14(d)(2), 542.15.
[28] *See Moscato*, 98 F.3d at 761.
[29] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

likewise excused when it would be futile.[30] "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[31]

Bouza did not administratively exhaust any of his claims.[32] Although he did appeal his custody classification dispute to the Regional Director, he never properly appealed the Regional Director's denial to the General Counsel. Indeed, his final appeal to the General Counsel was rejected for being late, and that deficiency was never cured, nor was the claim addressed on the merits.[33] Thus, Bouza failed to properly exhaust his administrative remedies and procedurally defaulted on this claim because the time to appeal the Regional Director's decision has long since passed.[34] Bouza has not established cause and prejudice to excuse this default, so judicial review of his custody classification claim is barred.[35] Although Bouza cursorily asserts that exhaustion would be "futile,"[36] in no way has he made a "clear and positive showing" of futility.

---

[30] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[31] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).
[32] *See* Doc. 11-4 at 2 ¶ 7; *id.* at 3 ¶ 9.
[33] *See id.* at 3 ¶ 9.
[34] *See Moscato*, 98 F.3d at 760; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)'" (citation omitted)).
[35] *See Moscato*, 98 F.3d at 761-62.
[36] *See* Doc. 14 at 4.

The same reasoning applies to Bouza's other claims involving his conditions of confinement, administrative detention, and disciplinary charge. There is simply no evidence that he pursued any of these claims through the appropriate administrative process and received a decision on the merits from the BOP's General Counsel. Bouza's claims, therefore, are procedurally defaulted and unreviewable.

### B.    Bouza's Claims are Not Cognizable Habeas Claims

Even if Bouza had properly exhausted his claims, they are not cognizable on habeas review. Section 2241 authorizes a federal court to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."[37] A habeas corpus petition is appropriate when the petitioner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment."[38] Habeas jurisdiction also lies for certain challenges regarding the execution of a prisoner's sentence.[39] However, as the Supreme Court of the United States has explained, habeas corpus is not the appropriate procedural vehicle where the relief sought would "neither terminat[e]

---

[37] 28 U.S.C. § 2241.
[38] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).
[39] *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that claims regarding execution of sentence are cognizable on habeas review when the "BOP's conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment").

custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody."[40]

Bouza asserts that he was confined in administrative detention for approximately 42 days and was subjected to certain harsh conditions, including "no recreation, 24 hr. lockdown, no religious diet," and inhaling "mace" that came through the vents.[41] Nowhere, however, does Bouza assert that he is seeking immediate release from custody for the alleged conditions of confinement.[42] He also contends that his confinement in administrative detention pending transfer—absent misconduct or criminal charges—is a violation of "his due process right[s] under the Fifth Amendment,"[43] but he does not explain how this Court's *habeas* jurisdiction would be implicated by this due process claim. If anything, Bouza's claims regarding administrative detention at FCI-Allenwood Medium (whether labeled as a conditions-of-confinement claim or a procedural due process claim) sound in civil rights liability, not habeas corpus.[44] The Court further notes that

---

[40] *Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (alterations in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005)).

[41] Doc. 1-1 at 6-7.

[42] *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323-25 (3d Cir. 2020) (explaining that detainees challenging unconstitutional conditions of confinement and seeking "release from detention" may proceed by way of a habeas petition, but only in "extraordinary circumstances"). Even if Bouza had claimed that he was seeking release from custody, being housed for 42 days in the SHU in the conditions he describes does not come close to the level of "extraordinary circumstances" that would implicate habeas relief.

[43] Doc. 1-1 at 4.

[44] *See Skinner*, 562 U.S. at 535 n.13; *McGee*, 627 F.3d at 936 ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action . . . is appropriate.") (second alteration in original) (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)).

9

Bouza has been transferred to a low security facility in Texas and is no longer being held in administrative detention at FCI-Allenwood Medium.

Bouza also appears to claim that the disciplinary proceeding involving the telephone infraction violated his due process rights.[45] Yet Bouza was sanctioned only with the loss of phone privileges, which does not implicate the fact, duration, or execution of his sentence. Thus, any challenge to the disciplinary proceedings or resultant sanction is not cognizable in a Section 2241 petition, either.[46]

### III.   CONCLUSION

For the foregoing reasons, the Court must dismiss Bouza's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[45] *See* Doc. 1-1 at 5-6.
[46] *See Leamer*, 288 F.3d at 542 (affirming dismissal of habeas petition where disciplinary sanctions did not result in loss of good conduct time); *Wert v. Warden Allenwood USP*, 781 F. App'x 51, 54 (3d Cir. 2019) (nonprecedential) (explaining that prison disciplinary sanctions that do not result in loss of good conduct time "do not trigger procedural due process protections" and thus may not be challenged through habeas corpus petitions).